Howell, J.
The plaintiffs claim $30,000 damages for the illegal attachment of their vessel in the suit of Sibley, Guión & Co. v. Pernie Brothers & Co. in the Fourth District Court of New Orleans.
The defendants' excepted that there is no such corporation as the plaintiffs, and answered that Fernie Brothers & Co., of Liverpool, with the purpose of defrauding their creditors and obtaining a fictitious credit, conveyed to the plaintiffs’ company certain ships, which sailed under registers in their names, and were consigned to a firm in New Orleans, of which they, the Fernies, With other firms were members; that the control of said ships was in said firms, and no evidence of any title was carried by said vessels in the name of said company; that said Fernie Brothers & Co. obtained a large credit upon the apparent ownership of said' vessels, including the one claimed by plaintiffs, who are chargeable with the frauds of said firm,.and that if there was a transfer of said vessel to the plaintiffs there was no delivery. From a judgment in favor of defendants the plaintiffs have appealed.
The plaintiffs have satisfactorily established their incorporation and *192 their ownership of the vessel which was attached by the defendants. They acquired the vessel before the claim upon which the attachment issued exis'ed, and have sufficiently shown the various antecedent transfers. After the attachment, evidence of plaintiffs’ ownership was exhibited to the defendants and they released the seizure. We think the evidence shows that there was no just ground for seizing this vessel as the property of Fernie Brothers & Co. at the date of the attachment. The defendants were informed at the time that the vessel belonged to plaintiffs, and that the register which they examined in the office of the British consul at New Orleans was not evidence of ownership, while there was in said office a mercantile navy list and maritime directory showing the plaintiffs to be the owners. We are satisfied that they were the owners at the date of the seizure; but we have some difficulty in fixing the damages to which' they are entitled. The true standard seems to us to be the expenses incurred and profits lost in consequence, directly, of the seizure and detention, which should be ascertainable on the part of the plaintiffs. They li&we shown an item of $213 for drayage of goods returned to shippers, telegrams, etc., and of $500 legal expenses. In addition to these items they are entitled to the expenses of the “ officer and crew list,” extra wharfage, etc., during the seizure, which, from the evidence, we will fix at $100 per day for fifty-two days, $5200. Some witnesses speak of $200 per day for what is incorrectly called demurrage, that is, indemnity for the privation of the use of the ship during her detention; but when questioned as to the actual expenses during that time, about half that sum is stated. They are also entitled to the difference between the amount of the total passenger and freight list and the running expenses, but the evidence on this point is even more vague than on the former. With the view, however, of closing the litigation •we will deduct the expenses fixed by two witnesses at $200 per day for twenty days, $5000 from the amount for freight, $11,381 30 which it is said the vessel could have carried in addition to the quantity carried after the release, leaving the sum of $6381 30. These three items-($213, $500, $5200) and $6381 30 make the sum of $12,294 30 as the damages sustained. We are aware that these figures are not based on absolute data, but the plaintiffs have not furnished the requisite proof for any better calculation, and we think they have suffered damage to this amount by the wrongful acts o'f the defendants.
It is therefore ordered that the judgment appealed from be reversed, and that plaintiffs recover of the defendants, Sibley, Guión & Co., m soKdo the sum of $12,294 30 and all costs in both courts.'